UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

LARRY FLANNERY, PLAINTIFF

v. CIVIL ACTION NO. 3:10-CV-249-S

TYSON CHICKEN, INC., DEFENDANT

## OPINION AND ORDER

Tyson Chicken moves to dismiss Larry Flannery's wrongful termination lawsuit on the grounds that it fails to state an actionable claim and that it is untimely. In the alternative it requests that the court transfer the case to the Southern District of Indiana. Flannery's attorney has withdrawn from his representation, and Flannery has failed to file any responsive briefing.

Flannery was employed as a production worker at Tyson's Corydon, Indiana facility until October 24, 2008. At all relevant times he was a member of Local 227 of the United Food and Commercial Workers Union, whose relationship with Tyson was governed by a collective bargaining agreement (CBA). On April 6, 2009, Flannery filed an unfair labor practice complaint with the National Labor Relations Board, in which he stated that his union had violated its duty of fair representation in December 2008 by failing to arbitrate his termination. He then filed this wrongful termination action in state court on March 2, 2010; Tyson removed it to this court on April 14.[1] The complaint alleges that Tyson's rules allow discharge for cause only after four written warnings in a twelve-month span, and that while Flannery received four such warnings only two of them were warranted. Thus he asserts that he should not have been fired under the CBA. The union apparently declined to represent him because it deemed the case unlikely to be a winner.

---

[1] The removal fell outside 28 U.S.C. § 1446(b)'s thirty-day time limit, but Flannery has not sought remand.

Section 301 of the Labor Management Relations Act, 29 U.S.C. § 301, governs contract suits brought by employee members of labor organizations against their employers. *In re Glass, Molders, Pottery, Plastics & Allied Workers Int'l Union, Local No. 173*, 983 F.2d 725, 728 (6th Cir. 1993) (*citing Smith v. Evening News Ass'n*, 371 U.S. 195, 200-01 (1962)). It preempts "state law claims that are substantially dependent upon an analysis of a collective bargaining agreement," and thus governs this lawsuit. *Id.* (*citing Fox v. Parker Hannifin Corp.*, 914 F.2d 795, 799-800 (6th Cir. 1990)). For an employee to succeed in such a suit, however, he must allege and prove not only that the termination was contrary to the CBA, but also that the union breached its duty by failing to represent him. *Hines v. Anchor Motor Freight, Inc.*, 424 U.S. 554, 570-71 (1976). This second element "involves more than demonstrating mere errors in judgment." *Id.* at 571. "[A] breach occurs 'only when a union's conduct toward a member of the collective bargaining unit is arbitrary, discriminatory, or in bad faith.'" *United Steelworkers of America v. Rawson*, 495 U.S. 362, 372 (1990) (*quoting Vaca v. Sipes*, 386 U.S. 171, 177 (1967)).

Here there is no allegation that the union's decision not to assist Flannery was arbitrary, discriminatory, or in bad faith. From the face of the complaint it appears that the union made a reasonable decision not to pursue a claim that was unlikely to prevail. The complaint's sole claim to relief is thus not "plausible on its face" and must be dismissed pursuant to Fed. R. Civ. P. 12(b)(6). *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009); *Courie v. Alcoa Wheel & Forged Prods.*, 577 F.3d 625, 629 (6th Cir. 2009). The court declines to address the balance of Tyson's motion, this decision being sufficient to dispose of the case.

The motion (DN 11) is hereby **GRANTED**, and the complaint is dismissed with prejudice. **IT IS SO ORDERED.**